UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES A. SALANSKY,

                              Plaintiff,              Case # 18-CV-177-FPG

v.                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                              Defendant.

**INTRODUCTION**

Plaintiff Charles A. Salansky brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

**BACKGROUND**

On July 17, 2014, Salansky protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 183. He alleged disability since January 25, 2001 due to degenerative disc disease, pain in the hips, heels, and low back, and an inability to sit, stand, or walk for extended periods. Tr. 100. On November 3, 2016, Salansky and a vocational expert ("VE") testified at a hearing before Administrative Law Judge Julia D. Gibbs ("the ALJ"). Tr. 54-98. On March 1, 2017, the ALJ issued a decision finding that Salansky was not disabled. Tr. 19-

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 5.

31. On November 21, 2017, the Appeals Council denied Salansky's request for review. Tr. 1-6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990) (holding that review of the Secretary's decision is not de novo and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Salansky's claim for benefits under the process described above. At step one, the ALJ found that Salansky had not engaged in substantial gainful activity since the alleged onset date. Tr. 21-22. At step two, the ALJ found that Salansky has thoracic degenerative

disc disease and right hip osteoarthritis, which constitute severe impairments. Tr. 22-23. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 23-24.

Next, the ALJ determined that Salansky retains the RFC to perform light work[2] with additional limitations. Tr. 24-30. Specifically, the ALJ found that Salansky needs a job that can be performed sitting or standing and allows him to alternate between those positions at will without leaving his workstation or stopping work activity. Tr. 24. The ALJ also found that Salansky cannot bend from the waist to pick items up off of the floor. *Id.*

At step four, the ALJ found that Salansky cannot perform his past relevant work as a security guard. Tr. 30. At step five, the ALJ relied on the VE's testimony and found that Salansky can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 30-31. Specifically, the VE testified that Salansky can work as a garment sorter, paper-pattern folder, and cloth garment folder. Tr. 31. Accordingly, the ALJ concluded that Salansky was not disabled. *Id.*

## II. Analysis

Salansky argues that remand is required because the ALJ violated the treating physician rule when she failed to give good reasons for rejecting the opinion of Andrew Cappuccino, M.D.[3] ECF No. 12-1 at 20-26. The Court agrees.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

[3] Salansky advances other arguments that he believes warrant remand of this case; however, the Court will not reach them because it disposes of this matter based on the ALJ's violation of the treating physician rule.

4

Under the treating physician rule, the ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but she must "comprehensively set forth [her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). Remand is appropriate if the ALJ does not provide good reasons for rejecting a treating physician's opinion. *Newbury v. Astrue*, 321 F. App'x 16, 17 (2d Cir. 2009) (summary order) (citing *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)).

When a treating physician's opinion is not given controlling weight, the ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6).

On August 15, 2013, Dr. Cappuccino noted that Salansky had ongoing mid-thoracic spine pain. Tr. 293. Despite a prior surgery that produced "minimal to moderately good results," Dr. Cappuccino indicated that Salansky's recent MRI results were concerning and that "he can no longer tolerate th[e] pain" from "severe interscapular discomfort." *Id.* Dr. Cappuccino opined that Salansky "remains at this juncture disabled for any and all forms of work." *Id.*

5

The ALJ considered Dr. Cappuccino's opinion in conjunction with opinions from four other medical sources. As to Dr. Cappuccino's opinion, she noted that he found Salansky "disabled for any and all forms of work." Tr. 29 (citing Tr. 293). The ALJ assigned "little weight" to all of those source's opinions because "a disability determination is reserved to the Commissioner." *Id.*

A medical source's statement that a claimant is "disabled" or "unable to work" does not mean that the Commissioner will find that claimant disabled, because it is the Commissioner's responsibility to determine whether a claimant meets the statutory definition of disability. *Cottrell v. Colvin*, 206 F. Supp. 3d 804, 809-10 (W.D.N.Y. 2016) (citing 20 C.F.R. § 404.1527(d)(1)). But the ALJ must still give good reasons for refusing to credit a treating physician's opinion on an issue reserved to the Commissioner. *Newbury*, 321 F. App'x at 18 (finding that the district court erred when it held that, because the treating physician's opinion went to issues reserved to the Commissioner, the plaintiff was not entitled to an explanation of the reasons why the ALJ refused to credit the opinion). The Second Circuit has explained that:

> Reserving the ultimate issue of disability to the Commissioner relieves the [SSA] of having to credit a doctor's finding of disability, but it does not exempt [ALJs] from their obligation . . . *to explain why* a treating physician's opinions are not being credited. The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, even—and perhaps especially—when those dispositions are unfavorable.

*Snell*, 177 F.3d at 134 (emphasis added). Here, the ALJ only indicated that Dr. Cappuccino's opinion went to an issue reserved to the Commissioner without explaining why that opinion could not be credited.

Although Dr. Cappuccino's opinion is brief and goes to a legal issue, courts have noted that the ALJ must provide good reasons for rejecting all treating-source opinions—"even laconic" ones. *Littlejohn v. Comm'r of Soc. Sec.*, No. 17-CV-999, 2019 WL 1083693, at *5 (W.D.N.Y.

6

Mar. 7, 2019) (noting that "even if the treating source statements were legal conclusions and not medical opinions, the ALJ nonetheless erred by discounting them without first asking for further interpretation or information from the treating sources") (citations omitted); *see also Halpin v. Colvin*, No. 17-CV-002, 2018 WL 4922920, at *4 (W.D.N.Y. Oct. 10, 2018).

Instead of considering the relevant statutory factors, the ALJ lumped her analysis of Dr. Cappuccino's opinion with four other medical source opinions. Although other portions of the ALJ's decision summarized Dr. Cappuccino's treatment notes, the ALJ did not explain why those notes would support rejecting Dr. Cappuccino's opinion. Tr. 26. Accordingly, remand is required because Salansky is entitled to a proper analysis of Dr. Cappuccino's opinion and, if appropriate, good reasons why it must be rejected.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 13, 2019
      Rochester, New York

                                         HON. FRANK P. GERACI, JR.
                                         Chief Judge
                                         United States District Court